COPY

KEITH A. JACOBY, Bar No. 150233
kjacoby@littler.com
STEVEN A. GROODE, Bar No. 210500
sgroode@littler.com
CARLOS JIMENEZ, Bar No. 227534
cajimenez@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

Attorneys for Defendants
FEDEX FREIGHT, INC. and TAMI DUGARD

MIREYA LLAURADO, Bar No. 194882
mallaurado@fedex.com
FEDEX FREIGHT, INC.
3425 Victor Street,
Santa Clara, CA 95054
Telephone: 408.654.3186
Facsimile: 408.654.3297

Attorneys for Defendant
FEDEX FREIGHT, INC.

FILED
2012 SEP -4 PM 2:27
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EUGENE CHAVEZ, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),

Plaintiff,

v.

FEDEX FREIGHT, INC., an Arkansas corporation; TAMI DUGARD, an individual; and DOES 1 through 10, inclusive,

Defendants.

Case No. ED CV 12 - 01496 VAP (DTBx)

**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**

**[28 U.S.C. §§ 1332, 1441, 1446]**

Complaint Filed: August 6, 2012
(San Bernardino County Superior Court)

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants FEDEX FREIGHT, INC. ("Freight") and TAMI DUGARD ("Dugard") (collectively referred to as "Defendants") by and through their undersigned counsel, contemporaneously with the filing of this Notice, hereby effect removal of the above-referenced action from the Superior Court in the State of California for the County of San Bernardino to the United States District Court for the Central District of California. This removal is based on 28 U.S.C. sections 1332, 1441 and 1446 and, specifically, on the following grounds:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5 million, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. Here, as set forth below, this case meets all of CAFA's requirements for removal because the proposed class contains at least 100 members, there is diversity between at least one class member and one defendant and the amount in controversy for all class members exceeds $5 million. *See* 28 U.S.C. § 1332(d).

2. In the alternative, this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a), and this case is one that may be removed to this Court by Freight pursuant to 28 U.S.C. Section 1441(b) because, as detailed below, Dugard is a sham defendant, and therefore, it is a civil action between

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

citizens of different states, with an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441(a) and § 1446(b).

## II. VENUE

3. The action was filed in the Superior Court of California for the County of San Bernardino. Venue properly lies in the United States District Court for the Central District, Eastern Division of California because it is the district court where the state court action is pending. *See* 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446.

## III. STATUS OF THE PLEADINGS

5. This lawsuit arises out of Plaintiff Eugene Chavez's ("Plaintiff") employment with Freight. On August 6, 2012, Plaintiff filed a Complaint in the Superior Court of the State of California, County of San Bernardino, entitled *Eugene Chavez, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA") v. FEDEX FREIGHT, INC., an Arkansas corporation; TAMI DUGARD, an individual, and DOES 1 through 10, inclusive*, designated as Case No. CIV DS 1208149 (herein referred to as the "Complaint"). True and correct copies of the Summons, Complaint, and Civil Case Cover Sheet are attached to this Notice as **Exhibit "A"** pursuant to 28 U.S.C. §1446(a).

6. The Complaint asserts the following claims for relief: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime) (2) Violation of California Labor Code §§ 1194. 1197, and 1197.1 (Unpaid Minimum Wages); (3) Violation of and California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (4) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); (5) Violation of Labor Code § 2698, *et. seq.* ("PAGA"); and (6) Violation of California Business & Professions Code §§ 17200, *et. seq.* (Complaint; **Exhibit "A"**).

7. On August 31, 2012, Defendants filed an Answer to Plaintiff's Complaint pursuant to Cal. Code of Civ. Proc. § 431.30 in Riverside County Superior Court. A true and correct copy of Defendants' Answer to Plaintiff's Complaint is attached hereto as **Exhibit "B"** pursuant to 28 U.S.C. §1446(a).

8. Attached hereto as **Exhibit "C"** are true and correct copies of all other documents filed with the Superior Court of the County of San Bernardino pursuant to 28 U.S.C. § 1446(a).

9. To Defendants' knowledge, no other pleadings, process or orders related to this case have been filed with the Superior Court for the County of San Bernardino.

## IV. NOTICE TO STATE COURT AND PLAINTIFFS' COUNSEL

10. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to Plaintiff's Counsel of Record, Raul Perez, Esq. and Alexandria Witte, Esq. of Initiative Legal Group, APC, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of San Bernardino as required by 28 U.S.C. §1446(d).

## V. TIMELINESS OF REMOVAL

11. A notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint). Here, Plaintiff filed his Complaint in San Bernardino Superior Court on August 6, 2012. This Notice of Removal is being removed within 30 days of the action being initiated and service of the Summons and Complaint. As such, this Notice of Removal is timely.

## VI. CAFA JURISDICTION

12. CAFA grants federal district courts original jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

defendant, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice. Specifically, this Court has jurisdiction over this case under CAFA because it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not states, state officials or other governmental entities; (3) there is diversity between at least one class member and one defendant; and (4) the amount in controversy for all class members exceeds $5 million.

**A. <u>The Proposed Class Contains More Than 100 Members</u>.**

13. As set forth in his Complaint, Plaintiff pursues his alleged claims on behalf of himself and "aggrieved employees," which he ostensibly defines as "[a]ll non-exempt or hourly paid 'pickup and delivery drivers,' who worked for Defendants in California from July 24, 2009 until the date of certification ("Class")." (Compl. ¶ 17; **Exhibit "A"**). Plaintiff necessarily includes both current and former employees across the entire State. (Compl. ¶ 17, 63-64; **Exhibit "A"**). In this regard, the proposed definition of allegedly "aggrieved employees," as alleged by Plaintiff, consists of approximately 1,392 individuals who were employed by Freight for approximately 200,346 workweeks during the putative class period. (Declaration of Katyna Naylor in Support of Defendants' Removal ("Naylor Decl.") ¶ 6).

14. Plaintiff also seeks to represent a "One Year Subclass." (Compl., ¶ 18.) Plaintiff defines the One Year Subclass as "[a]ll non-exempt or hourly paid 'pickup and delivery drivers,' who worked for Defendants in California within one year prior to the filing of this complaint until the date of certification." (*Id.*) Here, the total number of such persons who worked for Freight from August 6, 2011 to August 14, 2012 is 1,262. (Naylor Decl., ¶ 7.) Within that period of time, these individuals worked over 48,800 pay periods. (*Id.)*

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

**B. Defendants Are Not Governmental Entities.**

15. Defendants are not states, state officials or any other governmental entities.

**C. CAFA Diversity Of Citizenship Exists.**

16. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *Snyder v. Harris,* 394 U.S. 332, 339-40 (1969). Minimal diversity of citizenship exists here because Plaintiff and Freight are citizens of different states.

17. Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986). Plaintiff is a resident of San Bernardino County, California. (Compl., ¶ 7). During the course of his alleged employment with Freight, Plaintiff worked in San Bernardino, California. (*Id.*, ¶ 24). To Freight's knowledge, as based on its personnel records, throughout the time Plaintiff worked for Freight he was domiciled in the State of California. (Naylor Decl., ¶ 10). Accordingly, Plaintiff is a citizen of the State of California. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)(a person's domicile is the place he or she resides with the intention to remain).

18. In addition, Plaintiff seeks to represent similarly situated employees who currently or previously worked for Freight within the State of California. (Compl., ¶¶ 17-18).

19. For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As recently clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 175 L.Ed.2d 1029 at ¶ 2 of the Syllabus (2010), "the phrase 'principal place of business' in §

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

1332(c)(1) refers to the place where a corporation's high level officers direct, control and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

20. Freight was, at the time of the filing of this action, and remains a citizen of the State of Arkansas, in that it was and continues to be a corporation incorporated under the laws of the State of Arkansas with its principal place of business and corporate headquarters in Harrison, Arkansas. (Declaration of Lori Henry in Support of Notice of Removal ("Henry Decl.") at ¶ 3; Compl., ¶ 8.). Specifically, nearly all of Freight's corporate functions are conducted and based in Arkansas, including human resources, finance, legal, payroll, information technology and executive and administrative support functions that are important to Freight's strategic leadership and day-to-day operations. (*Id.* at ¶¶ 3-4). All of Freight's senior executive team is based in its corporate headquarters office in Harrison, Arkansas or in some instances, Memphis, Tennessee, where Freight's ultimate parent company, FedEx Freight Corporation has its principal place of business. (*Id.*, ¶ 3.). For this reason, the Arkansas location is considered to be corporate headquarters and the "home office" for Freight from which senior leadership directs, controls and coordinates Freight's corporate activities. (*Id.*).

21. Defendants Does 1 through 10 are fictitious. (Compl., ¶ 10). The Complaint does not set forth the identity or status of any of said fictitious defendants. Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

22. Accordingly, Plaintiff is a citizen of California, Freight is incorporated in and has its principal place of business outside of California, and, therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

**D. The Amount In Controversy Exceeds $5,000,000.**

23. "Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). The precise burden of proof that is placed on a removing defendant, however, varies depending upon the pleadings. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007). When the complaint affirmatively alleges *in good faith* that the amount in controversy is less than the jurisdictional threshold, "the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." *Id.*; *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 999-1000 (9th Cir. 2007).

24. On the other hand, where, as here, "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," a preponderance of the evidence standard applies. *Guglielmino*, 506 F.3d at 699. For instance, in *Guglielmino*, the complaint stated that the sum of damages and value of the injunctive relief sought was less than $75,000 in the Jurisdiction and Venue section of the complaint, but in the Prayer for Relief the plaintiff simply listed the various forms of relief that she sought, including attorneys' fees. *Id.* at 700. Further, the complaint said that the value of damages and injunctive relief was less than $75,000; it did not state that attorneys' fees were included in that computation. *Id.* As a result, the Ninth Circuit concluded that the plaintiff's complaint was "unclear," and it applied a preponderance of the evidence standard. *Id.* at 701. Similarly, in *Zator v. Sprint/United Management Co.*, 2011 U.S. Dist. LEXIS 33383, *5-6 (S.D. Cal. March 29, 2011), the court applied a preponderance of the evidence standard because the limit placed on recovery in the complaint did not include all forms of potential relief.

25. Here, Plaintiff's Complaint is ambiguous as to the amount placed in controversy by his alleged claims, which means that Defendants are only required to demonstrate that the amount in controversy exceeds federal jurisdictional requirements by a "preponderance of the evidence." *See Guglielmino*, at 699, 701.

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

More specifically, while Plaintiff alleges that "the amount in controversy for each class representative [*i.e.*, Plaintiff] . . . is less than seventy-five thousand ($75,000)" and the "aggregate amount in controversy for the proposed class action ... is less than five million ($5,000,000), Plaintiff also twice alleges that he "**reserves the right to seek a larger amount** based upon new and different information resulting from investigation and discovery." (Compl., ¶ 1, Prayer for Relief.) (emphasis added).[1] However, except for a generic allegation that these limits are "[b]ased upon information, investigation and analysis as of the filing date of this complaint," Plaintiff's allegations are completely silent as to the basis of the purported limits and fail to support a "good faith" estimate. *See Butterworth v. Am. Eagle Outfitters, Inc.*, 2011 U.S. Dist. LEXIS 119192, at *8-*10 (E.D. Cal. Oct. 13, 2011) (court rejected the Plaintiff's amount in controversy allegations because not in "good faith").

26. Nevertheless, even if the Court were to conclude that Plaintiff's statements regarding the amount in controversy—clearly crafted to avoid federal jurisdiction—were not ambiguous, then this simply means that Defendants may be required to establish the amount in controversy exceeds the jurisdictional minimum based upon a legal certainty, rather than a preponderance of the evidence. *See Lowdermilk*, 479 F.3d 994 (9th Cir. 2007) (recognizing that although the legal certainty standard sets a higher bar than a preponderance of the evidence standard, the standard "is not insurmountable.") As the calculations herein demonstrate, Defendants meet this heightened standard in any event. Moreover, the legal certainty

---

[1] To the extent Plaintiff claims the aggregate amount in controversy is less than five million, this Court should deem that statement a judicially binding admission as Plaintiff cannot simply make such a "bare" assertion as a means to avoid removal. *Campbell v. Vitran Express, Inc.*, 2012 U.S. App. LEXIS 4864, No. 55052 (9th Cir., March 8, 2012)(noting that plaintiff's counsel was unwilling to stipulate that the amount sought was no greater than $5 million). Just as the plaintiff in *Campbell* would not stipulate to an amount in controversy less than $5 million, here, Plaintiff has expressly "reserve[d] the right to seek a larger amount based upon new and different information resulting from investigation and discovery.") (Compl., ¶ 1, Prayer for Relief.)

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

standard only applies where a Plaintiff alleges "***in good faith***" that the amount in controversy is less than the jurisdictional minimum. *See Butterworth v. Am. Eagle Outfitters, Inc.*, 2011 U.S. Dist. LEXIS 119192, at *8 (E.D. Cal. Oct. 13, 2011) (emphasis added). There, the Court rejected the plaintiff's amount in controversy allegations—advanced there by the same law firm that represents Plaintiff in this case, Initiative Legal Group—explaining that:

> [I]n light of Defendant's facts, Plaintiff cannot simply rest on his desire to be in state court. At the hearing, Plaintiff's counsel explained that he interviewed Plaintiff and combined the information with the amounts recovered in similar actions. Yet this explanation does not counter the facts offered by Defendant and leaves the Court with no means of determining how Plaintiff, in good faith, limited the amount in controversy.

*Id.*, at *10 (*aff'd on reconsideration by*, 2011 U.S. Dist. LEXIS 132816 (E.D. Cal. Nov. 17, 2011) (O'Neill, J.).

27. Although Defendants expressly deny any liability for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must look to the allegations of Plaintiff's Complaint and presume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability"). Put differently, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

28. The CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds five million dollars ($5,000,000). *See* 28 U.S.C. § 1332(d). Here, the Complaint places more than five million dollars in controversy. While Defendants deny

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Plaintiff's claims of wrongdoing and deny his request for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of wages, penalties, attorneys' fees, and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied).

29. Plaintiff asserts claims for himself and the putative class for alleged unpaid wages, statutory penalties, civil penalties, restitution, injunctive relief, and attorneys' fees, based on allegations that Defendants have violated (and/or that Plaintiff and the putative class are entitled to wages and/or penalties under) Labor Code sections 201, 202, 203, 226(a), 510, 512, 558, 1194, 1197, 1197.1, 1198 and 2698. (Compl., *passim*; **Exhibit "A"**).

30. Plaintiff asserts the relevant time periods covering the claims at issue in this case is from July 24, 2009 (for the putative class) and from August 6, 2011 (for the putative subclass) until the date of certification. (Compl., ¶¶ 17-18; **Exhibit "A"**).

31. Plaintiff's claims are based on the allegation that Plaintiff and the putative class members were denied (1) payments for all hours worked; (2) overtime compensation; (3) minimum wages for compensation; (4) accurate wage statements; (5) meal and rest breaks; and (6) timely payment upon their termination. Plaintiff specifically alleges that the class members' claims against Defendants involve questions of common facts and law, in that each was employed by Defendants and each was not paid wages owed. (Compl., ¶¶ 21, 24-41.) Defendants deny Plaintiff's claims.

**1. <u>Wage Statement Claim</u>.**

32. Among the several claims of Labor Code violations, Plaintiff alleges a violation of Labor Code section 226(a). (Compl., ¶¶ 67-72; **Exhibit "A"**). Labor Code section 226(a) requires that employers provide employees with "an accurate itemized statement in writing" listing specified information at the time wages are paid.

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

Labor Code § 226(a). Labor Code section 226(e) provides for penalties in the amount of "fifty dollars for the initial pay period in which a violation [of subdivision (a)] occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)." From August 6, 2011 to August 14, 2012,[2] Freight paid its California non-exempt, hourly employees on a weekly basis. (Naylor Decl. ¶ 3). During this time, Freight employed 1,262 California non-exempt, hourly employees who performed "pickup and delivery" services. (Naylor Decl., ¶ 7.) Of these, 1,193 were ***continuously*** employed by Freight. (Naylor Decl., ¶ 7.) Moreover, of the 1,262 individuals, 1,212 received 40 or more paychecks on the weekly paydays between August 6, 2011 and August 14, 2012. (Naylor Decl. ¶ 7). The remaining 50 individuals received between one and 39 paychecks each during this period. (*Id.*) Thus, if Plaintiff were to establish that he and the putative class members were not provided with accurate itemized wage statements for which they are entitled to penalties, the potential amount in controversy for this claim alone is over **$4,789,950.** (1,262 employees x $50 per violation for 1st violation and 1,212 employees x $100 per violation for 39 violations = $4,789,950).[3]

[2] Plaintiff's wage statement claim is governed by a one-year statute of limitations. CAL. CIV. PROC. CODE. § 340 (one-year statute of limitations govern claims for penalties); *see also Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1118, fn 16 (2007) (claim for itemized wage statement violations are governed by a one-year statute of limitations).

[3] This figure does not take into account the additional alleged violations for the other 50 people who received weekly pay checks between one and thirty-nine times during the relevant period, which would increase the total. Nor does it take into account any violations of Labor Code section 226 between August 15, 2012 and the date of certification, to the extent members of the putative class have not already reached the maximum penalty amount of $4,000.

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

2. **Civil Penalties Under The PAGA.**

33. Plaintiff also alleges an entitlement to PAGA penalties for violations of Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1194, 1197, and 1197.1. (Complaint ¶¶ 73-82; **Exhibit "A"**). For Labor Code sections for which there is not otherwise a civil penalty (i.e., Labor Code sections 226, 226.7 510 and 512), PAGA provides that "[i]f, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Labor Code § 2699(f)(2). If Plaintiff were able to prove his allegations, and only considering PAGA penalties with respect to a ***single*** alleged violation, while Plaintiff has alleged nearly a dozen Labor Code violations, the potential amount in controversy on this claim alone is at least **$6,322,900** (1,193 continuously-employed employees x $100 per violation for first violation x 53 weeks).[4] Indeed, even in the highly unlikely scenario that a large group of these employees did not earn pay in a large number of pay periods due to leaves of absence, vacations, and the like, the amount in controversy for this claim still would be millions of dollars. For example, if one were to assume that 25% of the time, these employees did not earn pay and/or were not entitled to receive pay, the amount in controversy for the PAGA claim based on only of the alleged statutory violations still would be **$4,742,175** ($6,322,900 x

[4] Defendants assume a $100 penalty per alleged violation, despite the language of the statute that potentially provides for a $200 penalty for "subsequent" violations. CAL. LABOR CODE § 2699(f)(2). This is because Defendants were never on "notice" that its practices and/or policies violated California law at any time during this period, and thus Defendants cannot be found liable for any "subsequent" violations under PAGA, if any. *See, e.g.*, *Amaral,* 163 Cal. App. 4th at 1207-09 (2008). This figure is therefore conservative, and would increase substantially (approximately by two-times) if the Court were to consider a $200 penalty for alleged "subsequent" violations. Moreover, were potential civil penalties under PAGA considered for each pertinent alleged statutory violations – Labor Code sections 201, 202, 203, 204, 1194, 1197, 1197.1, and 1198 (Compl., ¶ 82), the potential amount in controversy would be compounded significantly.

75%). Furthermore, while courts are split as to whether 100% or 25% of the civil penalties at issue should be considered in determining the amount in controversy,[5] even if only 25% of the above-referenced lower amount were considered, the amount in controversy for this claim still is at least **$1,185,544** ($4,742,175 x. .25).[6]

**3. Waiting Time Penalties Under Labor Code § 203.**

34. Plaintiff also seeks to recover under California Labor Code section 203, which provides for waiting time penalties for employees who were not paid all wages upon their separation, and whose employment with Freight was separated within three years preceding the filing of Plaintiff's Complaint. (Compl., ¶¶ 61-66.) The maximum penalty authorized under Labor Code section 203 is 30 days of wages per employee. *See* CAL. LAB. CODE § 203.

35. Defendants also deny the validity and merit of Plaintiff's waiting time penalty claims. However, for purposes of removal only, Defendants assess the potential amount in controversy by applying the maximum penalty authorized by statute.

36. Of the total putative class members, 180 employees ceased employment with Freight since August 6, 2009. (Naylor Decl., ¶ 8.) Although Plaintiff asserts that

---

[5] *See Urbino*, 2011 WL 4595249 at *9 (amount in controversy in a PAGA claim is based on total amount of penalties sought); *Thomas v. Aetna Health of California, Inc.*, 2011 WL 2173715 (E.D. Cal. June 2, 2011)(total penalties sought aggregated for amount in controversy); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, *8 (E.D. Cal. July 14, 2010) (100% of penalties sought in controversy); *but see Smith v. Brinker Int'l, Inc.*, 2010 WL1838726, *2, *5 (N.D. Cal. May 5, 2010) (only 25% of civil penalties at stake included in amount in controversy); *Pulera v. F&B, Inc.*, 2008 WL 3863489, *4 (E.D. Cal. Aug. 19, 2008)(amounts recoverable by State of California are not aggregated in amount in controversy).

[6] This figure is extraordinarily conservative as it: (1) is based on the amount in controversy with regard to one underlying statutory violation (and does not factor in all of the statutes Plaintiff contends give rise to PAGA civil penalties), (2) disregards 25% of the potential workweeks through August 14, 2012, (3) assumes an "initial violation" and thus the lower penalty amount, and (4) represents only the 25% portion of the civil penalties attributable to the employees and not the 75% that would be allocated to the State of California.

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
·s Angeles, CA 90067 3107
310.553.0308

he and the putative class members worked off-the-clock and therefore incurred unpaid overtime premium, Defendants conservatively estimate 8-hours of work per day. Between August 6, 2009 and the present, putative class members earned between $18.59 per hour and $24.70 per hour depending upon their years of service and the period in question. For purposes of this calculation, Defendants assume that all 180 employees only earned the entry level rate of $18.59 that was in place in fiscal year 2010, which has risen during each fiscal year. (Naylor Decl., ¶ 9.) As such, each putative class member who separated from Freight since August 6, 2011, was earning at least $148.72 per day ($18.59 x 8). Aggregating this daily wage for 30 days for 180 individuals equals **$803,088** in waiting time penalties (180 x 30 x $148.72).

**4. Premiums For Alleged Missed Meal Breaks.**

37. Plaintiff also asserts that he and the putative class members were not provided with meal breaks in compliance with California law and therefore are entitled to a one-hour premium for every meal period missed pursuant to Labor Code section 226.7(b). (Compl., ¶¶ 30, 33, 86(e), 87.) Plaintiff seeks to recover the one-hour premium by way of restitution through his claim under section 17200 of the Business and Professions Code. (*Id.*) During relevant period, putative class members were employed by Freight for at least 200,346 weeks, which is an aggregate figure, rounding down for partial weeks. (Naylor Decl., ¶ 6.) To ensure that estimates are very conservative, Defendants assume for purposes of their calculations that in 25% of these weeks, the putative aggrieved employees did not earn or receive pay due to vacations, leaves of absence, and the like, rendering the number of workweeks 150,260 (200,346 x .25). Assuming that Plaintiff and the putative class members worked five days per week during these weeks, there are potentially 751,300 days that Plaintiff has placed at issue as to whether Plaintiff and putative class members received legally compliant meal breaks. Using the lowest hourly rate applicable to these persons during the putative class period - $18.59, even if Plaintiff were to assert that only one meal period per week were at issue, which Plaintiff has not limited as

such, the amount in controversy solely with regard to the meal period premiums would be **$2,793,333** ($18.59 x 150,260). Being very conservative here, Defendants assume a missed meal break once every two weeks, which is ten percent of the time to the extent that putative class members only were entitled to one meal break per day, and less than ten percent of the time considering that some individuals potentially would be entitled to a second meal break on a given day. *See* Cal. LAB. CODE § 512(a)("An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period....") As such, Plaintiff's claim for unpaid meal premiums alone conservatively places at least **$1,396,667** in controversy.

**5. Premiums for Alleged Missed Rest Breaks.**

38. Plaintiff's Complaint also seeks to recover restitution via his claim under section 17200 of the Business and Professions Code for missed rest breaks on behalf of himself and the putative class. California law requires employers to "authorize and permit" employees to take rest periods "at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." 8 Cal. Code Reg. § 11090(12)(A). Accordingly, in an eight-hour day, an employee would be entitled to two rest breaks. *See id.* Plaintiff alleges that he and the putative class members did not receive all rest periods or payment of the one additional hour of pay when a rest period was missed. (Compl., ¶¶ 31, 33, 86(e), 87.) Using the same figures as Plaintiff's claim for unpaid premiums related to purported missed meal breaks, even assuming that Plaintiff only claims that he and putative class members were deprived of one rest break per week (out of a possible ten), which Plaintiff has not asserted, the amount in controversy solely with regard to the rest period premiums would be **$2,793,333**, calculated at the lowest hourly rate in place for any of the putative class members in the past three years.

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

6. **Summary of Amount In Controversy.**

39. Even without assessing the amount in controversy with respect to Plaintiff's remaining claims for minimum wage violations[7] and unpaid overtime premium and the corresponding penalties, and considering only a mere fragment of the amount in controversy, a very conservative estimate of the amount in controversy is **$10,968,582 – $14,525,213**, in addition to other potentially recoverable penalties (e.g., penalties pursuant to Labor Code section 558), interest, and attorneys' fees also sought by Plaintiff. This figure broken down, as follows:

| Plaintiff's Alleged Claim | Amount in Controversy |
|---|---|
| Wage Statement Claim | $4,789,950 |
| PAGA Claim | $1,185,544 - $4,742,175 |
| Waiting Time Penalties | $ 803,088 |
| Meal Break Premium through Business & Professions Code Claim | $1,396,667 |
| Rest Break Premium through Business & Professions Code Claim | $2,793,333 |
| **Amount in Controversy Subtotal** | **$10,968,582 – $14,525,213** |

40. In addition, the amount in controversy set forth above has been calculated through August 14, 2012, based on Freight's payroll and personnel records. (Naylor Decl., ¶¶ 6-8.) Plaintiff, however, defines the Class and the One Year Subclass as continuing "until the date of certification." (Compl., ¶¶ 17-18.) As such,

[7] Plaintiff alleges that Defendants "regularly" failed to pay minimum wages to Plaintiff and the putative class. (Compl., ¶ 58.) *Webster's New World Dictionary*, Third College Edition (1988), defines "regularly" to mean "usual; customary . . . habitual in action . . . characterized by conformity to a fixed principle or procedure." Accordingly, Plaintiff's purported claim for alleged unpaid minimum wages places a significant amount of additional dollars in controversy, which have been omitted herein for purposes of establishing the $5 million threshold under the CAFA.

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

the size of the two putative classes will continue to expand, as will the amount in controversy, as this case is litigated. This means that the amount in controversy on Plaintiff's claims is greater than the amount set out in this Notice of Removal because there will be more individuals in the putative class than are accounted for in these calculations.

41. Moreover, Plaintiff seeks attorneys' fees and costs in his Complaint pursuant to Labor Code sections 1194 and 2699(g). It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fees award to be 25 to 33 percent of the settlement of the award. *See, e.g., Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008), *quoting Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000)("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.")

42. Accordingly, although Defendants deny Plaintiff's claims of wrongdoing, based on the foregoing, under the Class Action Fairness Act, Plaintiff's claims for damages, penalties, attorneys' fees, and other monetary relief exceed the $5 million jurisdictional limit of this Court, as required by 28 U.S.C ¶ 1332(d).

## VII. DIVERSITY JURISDICTION

43. In addition and in the alternative to jurisdiction under CAFA, which only requires minimal diversity, jurisdiction in this case exists based on complete diversity because, as detailed below, Dugard is a sham defendant.

44. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States . . . ." *See* 28 U.S.C. § 1332(a).

45. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 USC § 1441(a).

46. Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: 1) complete diversity must exist between the parties, *i.e.*, Plaintiffs and Defendants must be "citizens" of different states; and 2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

47. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000.

**A. Complete Diversity Of Citizenship Exists.**

48. Diversity of citizenship exists so long as no plaintiff is the citizen of the same state as any defendant at the time the action was filed and at the time of removal. For purposes of removal, the citizenship of doe defendants are disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *accord Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (citing 28 U.S.C. § 1441(a)); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

49. Does 1 through 100, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The citizenship of these doe defendants is to be disregarded for the purposes of determining diversity jurisdiction, and therefore cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); *accord Newcombe v. Adolf Coors Co.*, 157 F.3d 686,

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

690-91 (9th Cir. 1998) (citing 28 U.S.C. § 1441(a)); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

**1. Plaintiff and Freight Have Diverse Citizenship.**

50. The parties are completely diverse in this matter because, as set forth above, Plaintiff is a citizen of California and Freight is a citizen of Arkansas. The citizenship of Dugard should be disregarded because Plaintiff fraudulently joined Dugard as a defendant because Plaintiff has not alleged any cognizable claims against Dugard.

**2. Defendant Dugard Was Fraudulently Joined And Her Citizenship Should Be Disregarded For Purposes Of Removal.**

51. Dugard is not a proper party to this lawsuit and for purposes of evaluating diversity between the parties, her citizenship must be disregarded. A non-diverse party named in the state court action should be disregarded if the federal court determines that party's joinder is "fraudulent," or a "sham," such that no viable cause of action has been stated against that party. *Farias v. Bexar County Bd. of Tr. For Mental Health*, 925 F.2d 886, 871 (5th Cir. 1991); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.") Joinder is fraudulent "if there is no real intention to get a joint judgment, and . . . there is no colorable ground for so claiming." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (citations omitted); *see also McCabe v. General Foods Corp.*, 811 F2d 1336, 1339 (9th Cir. 1987). In determining whether a party is "fraudulently" joined, courts may consider the allegations of the complaint and facts presented by the defendant in its notice of removal. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). If there is no possibility that the state court would recognize a valid cause of action against the non-diverse defendant, then that defendant has been fraudulently joined and must be ignored for

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

purposes of assessing diversity jurisdiction. *See, e.g., id.* at 1318-19; *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995).

**a. Plaintiff's First - Fifth Causes Of Action For Violations Of The California Labor Code Against Dugard Fail As A Matter Of Law.**

52. Plaintiff's first through fifth causes of action alleging various wage and hour violations of the California Labor Code against Dugard cannot stand as these allegations do not impugn personal liability on individuals. In his unverified Complaint, Plaintiff asserts that he has named Dugard as a defendant pursuant to Labor Code section 558 as "'a person acting on behalf of an employer' who violated, and caused to be violated, various sections of Division 2, Part 2, Chapter 1, and various sections of the applicable Industrial Welfare Commission Order which regulate days and hours of work." (Compl., ¶ 9.) However, throughout Plaintiff's Complaint, Plaintiff refers to Dugard as an "employer" of Plaintiff and the putative class. (Compl., ¶ 12 [defining "Dugard" along with others as "Defendants"]; ¶ 23 ["Defendants employed Plaintiff and other persons as non-exempt or hourly employees."]; ¶ 24 ["Defendants employed Plaintiff..."], ¶ 25 ["Defendants continue to employ non-exempt or hourly-paid pickup and delivery drivers..."]; ¶ 41 ["Plaintiff was employed by Defendants..."; "they are all current or former employees of Defendants"]; ¶ 47 ["...employed by Defendants"]; ¶ 48 [..."employed by Defendants"]; ¶ 64 ["...employed by Defendants"]. Thus, Plaintiff's Complaint asserts that Dugard also was his employer and the employer of the putative class members.

53. However, the California Supreme Court has expressly held that individual employees cannot be held personally liable as an "employer" for Labor Code violations. In *Reynolds v. Bement*, 36 Cal. 4th 1075 (2005), the Supreme Court affirmed the trial court's dismissal on demurrer of all individual defendants, including defendant's president, to the plaintiff's wage claim. The Court held that the statutory scheme of the California Labor Code extends liability only to employers on its face,

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:113968100.7 057116.1010

rather than to individuals, reasoning that the legislature demonstrated no intent to include individuals within its definition of "employer." *Id.* The Court noted that, had the Legislature intended "to expose to personal civil liability any corporate agent who 'exercises control' over an employee's wages, hours, or working conditions, it would have manifested its intent more clearly . . . ." *Id.* at 1088, *aff'd Bradstreet v. Wong*, 161 Cal.App.4th 1440, 1450-52 (2008) (holding that individuals who served as corporate officers or directors of the closely held defendant corporations, owned the capital stock, acted as managers and operators, and were responsible for the bookkeeping and payroll ***could not*** be held individually liable as "employers".) In fact, relying on the holding in *Reynolds,* in *Jones v. Gregory*, 137 Cal. App. 4th 798, 801 (2006), the court held that even an individual defendant ***who was the CEO*** of the corporate defendant, "known to his employees as the 'owner,' 'the big wig,' 'the top guy,' and 'the boss,'" who was also part-owner of the building where the corporate defendant operated, "set all the wage rates..., authorized pay changes, and personally fired staff members he deemed unacceptable," was "the only individual authorized to sign checks on [the company's] behalf," who was responsible for human resource issues and day-to-day activities and whose wife held all remaining corporate positions, ***could not*** be held individually liable for the corporation's Labor Code violations.

54. Finally, while *Reynolds* only specifically discussed the definition of "employer" in Labor Code sections 510 and 1194, the other Labor Code sections that Plaintiff alleges were violated in this case also do not contain a definition of "employer." *See* CAL. LAB. CODE §§ 201, 202, 203, 204, 226(a), 1197.1 and 1198; *see also Jones,* 137 Cal. App. 4th at 804 (holding that Labor Code sections 201, 202, 203, 227.3, 1194.5 and 2802 also do not define "employer" and thus it is presumed "that the common law definition of an employer applies, precluding personal liability for corporate agents"); *Bradstreet,* 161 Cal. App. 4th at 1451-52 (holding that since Labor Code sections 200, 201, 202 and 203 "impose obligations on the 'employer'" without statutorily defining the term, "absent a clear and unequivocal expression of contrary

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

legislative intent, [the court] must assume the Legislature intended these terms would be interpreted in accordance with the common law.") Thus, the same result applies and the common law definition of "employer" prevails, precluding individual liability for Dugard under all violations of Labor Code sections that Plaintiff alleges in the first five causes of action.[8]

**b. Because There is No Liability for the First Five Causes of Action, the Plaintiff's Sixth Cause of Action Against Dugard Fails as a Matter of Law.**

55. Plaintiff's claim for Unfair Competition is barred against Dugard because it is derivative of and solely depends on the viability of their Labor Code claims. *See id.* at 1447; *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999) (sustaining demurrer to 17200 claim when alleged violations of other statutes underlying 17200 claim fail as a matter of law); *see also Alch v. Superior Court,* 122 Cal. App. 4th 339, 402 (2004) ("unfair" business practice claim by competitor must be tethered to specific constitutional, statutory or regulatory provisions).

[8] Moreover, it would make no sense at all if Dugard could nonetheless be liable as "a person acting on behalf of an employer' who violated, and caused to be violated, various sections of Division 2, Part 2, Chapter 1, and various sections of the applicable Industrial Welfare Commission Order which regulate days and hours of work." (Compl., ¶ 9; CAL. LAB. CODE § 558.) Otherwise, plaintiffs could circumvent the foregoing jurisprudence, which makes clear that individual supervisors will not be liable for Labor Code violations when the plaintiff has a viable remedy via his or her actual current or former employer. To the extent the Court concludes that Plaintiff does not seek to hold Dugard liable as an employer, the "a person acting on behalf" language in Labor Code section 558 intends to cover circumstances in which a plaintiff has established that he does not have a viable remedy via his current or former employer, for example an employer that has filed for Chapter 7 bankruptcy protection. Such is not the situation in the instant case. Further, while the Legislative History of section 558 does not appear to explain the inclusion of the "a person acting on behalf" clause, memorandum from the Department of Labor Standards Enforcement ("DLSE") analyzing the legislation that added Labor Code section 558 and made other amendments and additions to the Labor Code, opined that the DLSE did not intend to enforce Labor Code section 558 against non-employer defendants. *See* **Exhibit A,** to Defendants' Request for Judicial Notice. Accordingly, Labor Code section 558 is not applicable to Dugard.

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
·s Angeles, CA 90067.3107
310.553.0308

56. California's Unfair Competition Law prohibits any unlawful act or practice, which presumably includes the failure to properly pay wages. CAL. BUS. & PROF. CODE § 17200 *et. seq*. However, "[a] defense to the underlying offense is a defense under California's unfair competition law." *People ex rel. Renne v. Servantes*, 86 Cal.App.4th 1081, 1087 (2001) (citing *People v. Duz-Mor Diagnostic Laboratory, Inc.* 68 Cal.App.4th 654, 673 (1998)). Due to the derivative nature of such claims, when there is no unlawful act to support the borrowed claim, a claim brought for violation of section 17200 fails as a matter of law. *Ingels v. Westwood One Broad. Services, Inc.* 129 Cal.App.4th 1050, 1060 (2005) ("A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law.") (citation omitted). Because Plaintiff's wage and hour claims cannot, as a matter of law, be pled against Dugard, Plaintiff's derivative claim for Unfair Competition also fails as a matter of law.

57. Furthermore, under the unfair competition provisions of the Business and Professions Code, a plaintiff's remedies are generally limited to injunctive relief and restitution. *Kasky v. Nike, Inc.* 27 Cal.4th 939, 950 (2002); *Cortez v. Purolater Air Filtration Prod. Co.* 23 Cal.4th 163, 172-73 (2000). A claim for restitution for Unfair Competition seeks a return of money or earned wages not properly paid "to those persons in interest from whom the property was taken" from a defendant who "personally obtain[ed] the benefit of those services." *Bradstreet v. Wong*, 161 Cal.App.4th 1440, 1460 (2008) (citing *Korea Supply Co. v. Lockheed Martin Corp.* 29 Cal.4th 1134, 1149 (2003) and *Reynolds v. Bement*, 36 Cal. 4th 1075, 1087 (2005). Since it is the corporate defendant, not individuals, who would benefit from a failure to properly pay wages, only the corporate defendant can be liable for restitution under an Unfair Competition claim. *See Reynolds*, 36 Cal.4th at 1090; *see also Jones v. Gregory*, 137 Cal. App. 4th 798, 805 (2006). "[A]n order requiring [the individual defendants] to pay the unpaid wages would not be 'restitutionary as it would not replace any money or property that [the individual defendants] took directly from'"

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

the plaintiffs. *Bradstreet*, 161 Cal.App.4th at 1460 (citing *Korea Supply*, 29 Cal. 4th at 1149). Simply put, individual defendants "cannot be required to return or restore . . . something they never obtained." *Bradstreet*, 161 Cal.App.4th at 1461.

58. Here, Plaintiff's claim for violation of section 17200 is based upon the very same factual allegations pled in support of his claims for wage and hour violations. Thus, because Plaintiff's California Labor Code violations against Dugard fail as a matter of law, it follows that Plaintiff's claim for violation of section 17200 against Durgard, which is derived from his wage and hour claims, also fails as a matter of law. *See Violante v. Cmtys. Sw. Dev. & Constr. Co.*, 138 Cal.App.4th 972, 980 (2006).

**c. Dugard Cannot Be Individually Liable for Labor Code Civil Penalties or The PAGA.**

59. Plaintiff further cites Labor Code § 1197.1, which allows the ***Labor Commissioner*** to issue a citation and impose "civil penalties" against "any employer or other person acting" on behalf of an employer. Plaintiff apparently take the position that by permitting the Labor Commissioner to impose "civil penalties" on persons acting on behalf of an employer, section 1197.1 provides a vehicle for Plaintiff to impose personal liability on Dugard for all of the wage claims. If that is Plaintiff's position, Plaintiff is wrong. The "civil penalties" provisions of the Labor Code do not directly create private causes of action—instead, they are enforceable only by the Labor Commissioner (*see* Labor Code §1197.1, expressly providing for Labor Commissioner enforcement), or by individual employees who prosecute actions under the Private Attorney General Act ("PAGA"), Labor Code section 2698 *et. seq. See Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.App.4th 365, 370, 379-83 (2005) (holding employee's Labor Code claims seeking only "civil penalties" must be prosecuted under PAGA.)

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

**d. Both The Provisions And The Language Of The PAGA Preclude "Aggrieved Employees" From Seeking Penalties Against Individual Agents Of An Employer.**

**(1) The PAGA's Administrative Procedures Apply Only To "Employers" And Not To An Employer's Agents.**

60. As noted above, the PAGA provides that for an "aggrieved employee" to seek civil penalties, he or she must give notice to the LWDA of the intention to file a civil suit for alleged violations of specified Labor Code sections. Yet, the PAGA provides for written notice to be given *only* to the LWDA and the "***employer***" – not to any of the employer's agents, officers or shareholders. *See* LAB. CODE § 2699.3(a)(1). Once the aggrieved employee gives notice, the LWDA is then required to notify *only* the "employer" and the aggrieved employee whether or not it intends to investigate the alleged violation; if the LWDA decides not to investigate, *only* the "employer" and the aggrieved employee must be notified; and, finally, if the LWDA does investigate and determines that no citation will be issued, it is again required to notify *only* the "employer" and the aggrieved employee. *See* LAB. CODE § 2699.3(a)(2)(A), (B). The PAGA also provides that the violation of certain Labor Code sections, if "cured" within a particular time period, will prevent an "aggrieved employee" from seeking civil penalties in a civil action. *See* LAB. CODE §§ 2699.3(b), 2699.3(c). With respect to these provisions, the PAGA defines "cure" only with respect to an "employer" and not an individual officer or agent of an employer:

> For purposes of this part, "cure" means that the *employer* abates each violation alleged by any aggrieved employee, the *employer* is in compliance with the underlying statutes *as specified in the notice required by this part*, and any aggrieved employee is made whole.

LAB. CODE § 2699(d) (emphasis supplied). Similarly, for those sections of the Labor Code concerned with occupational safety, the PAGA provides *only* for *employers* (and not their agents) to be notified of violations, to correct a violation, to enter into

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

agreements with the LWDA in the case of long-term abatement issues, and to be shielded from civil penalties if it enters into consultation with the LWDA to ameliorate a condition in a particular worksite. *See* LAB. CODE § 2699.3(b). The PAGA's administrative procedures thus require *only* that *employers* be notified or allowed to cure violations, and it has no provisions for notifying individual agents of an employer or allowing them to cure violations. Such a procedure would, at best, be odd, and at worst, be a violation of due process, that would allow a claim to be filed against an individual agent of an employer, but had no requirement that the agent actually be notified of the claim or allow the agent a chance to cure the violation that would subject him or her to civil penalties.[9]

61. Moreover, it is clear that the term "employer" as expressed in the PAGA cannot be stretched to include agents, executives or shareholders of an "employer." When the term "employer" is not defined, as is the case with the PAGA, the California Supreme Court has held that courts may apply "the common law test of employment." *Reynolds v. Bement*, 36 Cal. 4th 1075, 1086 (2005). The term "employer" appears twenty-five times in the PAGA. *See* LAB. CODE §§ 2698-2699.5. Not once is reference made in the statute to individual agents of an employer. Since the PAGA does not define "employer," that term, as used in the statute, does not include an employer's shareholders, officers, directors or agents. Because Dugard, a

[9]Moreover, the purpose of the PAGA's administrative procedures is to provide notice regarding alleged violations of the Labor Code and to permit the LWDA to investigate claims. *See Caliber Bodyworks v. Superior Court*, 134 Cal. App. 4th 365, 376 (2005). If the PAGA intended to permit aggrieved employees to bring claims against individual defendants, it could easily have adopted language similar to the administrative procedure language found in the Fair Employment and Housing Act ("FEHA"), government Code section 12960(b), which requires a FEHA claimant to ". . . state the name and address of *the person, employer*, labor organization, or employment agency alleged to have committed the unlawful practice complained of. . . ." (Emphasis supplied.) The PAGA contains no such procedure. *See* Lab. Code § 2699.3.

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

local Manager (Compl., ¶ 9), is an agent and not an employer, she is not subject to suit as an individual and thus should not be a party to the present action.

**(2) The PAGA's Default Penalties Do Not Provide For Individual Liability To "Aggrieved Employees."**

62. That the PAGA does not provide for "aggrieved employees" to pursue civil penalties against an employer's individual agents is further borne out by the provisions for the PAGA's "default" civil penalties. Specifically, the PAGA provides that if the Labor Code section does not provide a civil penalty for its violation, an aggrieved employee may seek a "default" penalty of $100 per pay period for an initial violation, and $200 per pay period for each subsequent violation. *See* LAB. CODE § 2699(f)(2). Yet, the PAGA provides that such penalties can *only* be had against a "person [who] ***employs*** one or more employees," *i.e.*, an employer. *Id.*

**(3) The Legislative History Of The PAGA Confirms That There Was No Intention To Allow "Aggrieved Employees" To Seek Civil Penalties Against Individuals.**

63. The legislative history of the PAGA confirms that the PAGA was never intended to impose individual liability for civil penalties. Following review of the initial draft of the statute, the Senate Committee on Labor and Industrial Relations, examining Senate Bill 796 (which was later codified as the PAGA) recommended expanding the definition of "person" to include "or officer or agent thereof." Senate Committee on Labor and Industrial Relations, Bill No. SB 796 (April 9, 2003) at 4 (explaining that ". . . often when the term "person" is used it is used in conjunction with the phrase "or officer or agent thereof," to provide even broader applicability. . ." and suggesting the author of SB 796 consider adding an expanded definition of "person" specifically for the PAGA). (Request for Judicial Notice, **Exhibit B** However, this expansive definition was ***never*** adopted and is not encompassed in the statute.

64. Furthermore, the Assembly Committee on Judiciary reported that "[i]f the defendant is not an employer (e.g., a labor contractor who violates licensing

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

obligations), the entire civil penalty recovery would be distributed to the General Fund and the LWDA." Assem. Comm. Jud. at 4. Likewise, it was reported that, "Labor Code violators who are not employers would be subject to suit only by the LWDA or by public prosecutors under this bill, *not by private parties*." *Id.* at 5 (emphasis supplied). As such, the PAGA's legislative history confirms that it was not intended to allow aggrieved employees to seek civil penalties against individuals.

**e. <u>The Manager's Privilege Precludes Dugard's Individual Liability.</u>**

65. Aside from the fact that Plaintiff failed to plead a viable cause of action against Dugard, as a mere local manager of Freight, even were the Court to conclude that Plaintiff adequately pled Dugard's liability as a "person acting on behalf of an employer" under Labor Code section 558, she must be afforded the protection of the managerial privilege. California law explicitly prohibits employees from suing their former managers and supervisors in tort for mere personnel actions discharged in the course of their employment duties. *See Sheppard v. Freeman*, 67 Cal. App. 4th 339, 342 (1998). In this regard, the "manager's privilege" applies where a party acts within the course and scope of her employment and protects a manager's right to make managerial decisions regarding her employees:

> If that privilege protects nothing else, it protects a manager's right to manage personnel (including firing and hiring) without fear of independent liability, absent concrete and specific allegations that such actions were entirely for the benefit of the individual.

*Kacludis v. GTE Sprint Comms.*, 806 F. Supp. 866, 872 (N.D. Cal. 1992) (finding that manager's privilege protected supervisor defendant against all of plaintiff's claims, *including intentional and negligent misrepresentation*).

66. Upon finding that the manager privilege applies, fraudulent joinder should be found. *McGabe v. Gen. Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987) (finding that plaintiff failed to state a cause of action against individual supervisors

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

acting in their managerial capacity, and therefore individuals were fraudulently joined and removal based on diversity jurisdiction was proper).

**B. The Amount In Controversy Exceeds the Jurisdictional Limit.**

67. The Court properly aggregates the potential PAGA penalties with respect to all "aggrieved employees" in determining whether diversity jurisdiction exists. *See Urbino v. Orkin Servs. of Cal.*, 2011 U.S. Dist. LEXIS 114746, *24-30 (C.D. Cal. Oct. 5, 2011). While courts are split as to whether aggregate 100% or 25% of the amount of civil penalties sought,[10] under either scenario, given the amount at issue with regard to Plaintiff's PAGA claim as is detailed above, the amount in controversy easily exceeds $75,000.

68. Accordingly, in the alternative to jurisdiction of this action under the CAFA, diversity jurisdiction exists because Dugard is a sham defendant, fraudulently joined to destroy diversity. Removal of this matter is therefore appropriate.

Dated: September 4, 2012

Respectfully submitted,

LITTLER MENDELSON, P.C.

KEITH A. JACOBY
STEVEN A. GROODE
CARLOS JIMENEZ
Attorneys for Defendants
FEDEX FREIGHT, INC. and TAMI DUGARD

[10] *See Urbino*, 2011 WL 4595249 at *9 (amount in controversy in a PAGA claim is based on total amount of penalties sought); *Thomas v. Aetna Health of California, Inc.*, 2011 WL 2173715 (E.D. Cal. June 2, 2011)(total penalties sought aggregated for amount in controversy); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, *8 (E.D. Cal. July 14, 2010) (100% of penalties sought in controversy); *but see Smith v. Brinker Int'l, Inc.*, 2010 WL1838726, *2, *5 (N.D. Cal. May 5, 2010) (only 25% of civil penalties at stake included in amount in controversy); *Pulera v. F&B, Inc.*, 2008 WL 3863489, *4 (E.D. Cal. Aug. 19, 2008)(amounts recoverable by State of California are not aggregated in amount in controversy).

# EXHIBIT A

SCANNED

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

AUG - 6 2012

BY [signature] EDMOND CASTRO, DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
FEDEX FREIGHT, INC., an Arkansas corporation; TAMI DUGARD, an individual; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
EUGENE CHAVEZ, individually, and on behalf of members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA")

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: San Bernardino District Civil Division
*(El nombre y dirección de la corte es):* 303 W. Third St.
San Bernardino, CA 92415

CASE NUMBER: *(Número del Caso):* CIV DS1208149

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Alexandria Witte (SBN 273494)
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Initiative Legal Group, APC. 1800 Century Park East, 2nd Floor, Los Angeles, CA, 90067. (310) 556-5637.

DATE: *(Fecha)* AUG - 6 2012    Clerk, by *(Secretario)* [signature] EDMOND CASTRO, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

08/06/2012
08/06/2012

COPY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

AUG - 6 2012

BY [signature]
EDMOND CASTRO, DEPUTY

Raul Perez (SBN 174687)
RPerez@InitiativeLegal.com
Alexandria Witte (SBN 273494)
AWitte@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff Eugene Chavez

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

EUGENE CHAVEZ, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),

Plaintiff,

vs.

FEDEX FREIGHT, INC., an Arkansas corporation; TAMI DUGARD, an individual; and DOES 1 through 10, inclusive,

Defendants.

Case No.: CIV DS1208149

**CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(3) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
(4) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(5) Violation of Labor Code §§ 2698, *et seq.* ("PAGA"); and
(6) Violation of California Business & Professions Code §§ 17200, *et seq.*

Jury Trial Demanded

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Plaintiff, individually and on behalf of all other members of the public similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1. This class action is brought pursuant to California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. Based upon information, investigation and analysis as of the filing date of this complaint, Plaintiff alleges that the amount in controversy for each class representative, including claims for monetary damages, restitution, penalties, injunctive relief, and a pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000) and that the aggregate amount in controversy for the proposed class action, including monetary damages, restitution, penalties, injunctive relief, and attorneys' fees, is less than five million dollars ($5,000,000), exclusive of interest and costs. Plaintiff reserves the right to seek a larger amount based upon new and different information resulting from investigation and discovery.

2. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

5. California Labor Code sections 2699 *et seq.*, the "Labor Code Private Attorneys Generals Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil penalties under the California Labor Code.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

6. On August 3, 2012 Plaintiff provided notice to the California Labor and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor Code section 2699.3(a).

**THE PARTIES**

7. Plaintiff EUGENE CHAVEZ is a resident of San Bernardino County, California.

8. Defendant FEDEX FREIGHT, INC. was and is, upon information and belief, a Arkansas corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

9. Defendant TAMI DUGARD was and is, upon information and belief, an individual residing in the County of San Bernardino, State of California and was the Manager for FEDEX FREIGHT, INC. at the San Bernardino location while Plaintiff was employed there. Pursuant to California Labor Code section 558 and PAGA, TAMI DUGARD is named as a "person acting on behalf of an employer" who violated, and caused to be violated, various sections of Division 2, Part 2, Chapter 1, and various sections of the applicable Industrial Welfare Commission Order which regulate days and hours of work. Only civil penalties and unpaid wages are sought against her pursuant to Labor Code section 558.

10. Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

11. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of FEDEX FREIGHT, INC. at all relevant times.

12. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, FEDEX FREIGHT, INC., TAMI DUGARD, and/or DOES 1 through 10 (collectively "Defendants"), each acting

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

13. At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

14. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

16. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

17. Plaintiff's proposed class consists of and is defined as follows:

> All non-exempt or hourly paid "pickup and delivery drivers," who worked for Defendants in California from July 24, 2009 until the date of certification ("Class").

18. Plaintiff's proposed subclass consists of and is defined as follows:

> All non-exempt or hourly paid "pickup and delivery drivers," who worked for Defendants in California within one year prior to the filing of this complaint until the date of certification ("One Year Subclass").

19. Plaintiff reserves the right to redefine the class and subclass above and to establish additional subclasses as appropriate based on discovery and specific theories of liability.

20. Members of the Class and One Year Subclass will be referred to hereinafter as "class members."

21. There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

(a) Whether Defendants required Plaintiff and class members to work off-the-clock without payment;

(b) Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff and class members;

(c) Whether Defendants failed to pay at least minimum wage for all hours worked by Plaintiff and class members;

(d) Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

(e) Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

(f) Whether Defendants failed to timely pay all wages due to Plaintiff and class members upon termination;

(g) Whether Defendants failed to timely pay all earned wages to Plaintiff and class members during their employment;

(h) Whether Defendants complied with wage reporting as required by California Labor Code section 226(a);

(i) Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was wilful or reckless;

(j) Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(k) The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

22. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a) Numerosity: The members of the class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members' as demonstrated herein.

(c) Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the

entire class.

(e) Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

**GENERAL ALLEGATIONS**

23. At all relevant times set forth, Defendants employed Plaintiff and other persons as non-exempt or hourly employees.

24. Defendants employed Plaintiff EUGENE CHAVEZ as a non-exempt, hourly paid "pickup and delivery driver" from 1991 to August 26, 2011 at Defendants' San Bernardino terminal location.

25. Defendants continue to employ non-exempt or hourly-paid pickup and delivery drivers at various locations around California.

26. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

27. Plaintiff is informed and believes, and thereon alleges, that employees were not paid for all hours worked because all hours worked were not recorded.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work that was required to be done off-the-clock.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely uninterrupted meal period, and that they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely uninterrupted meal period.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest period was missed, and that they did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest period was missed.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiff and class members were not provided complete and accurate wage statements.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of all wages earned upon termination.  In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to, unpaid minimum wages, unpaid overtime wages, and unpaid meal and rest period premium wages, within permissible time periods.

34.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

should have known that Plaintiff and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to, minimum wages, overtime wages, and meal and rest period premium wages, within permissible time periods.

35. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and other class members that they were properly denied wages, all in order to increase Defendants' profits.

36. At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

37. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and other class members that they were properly denied wages, all in order to increase Defendants' profits.

38. At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

39. At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

40. Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

against whom one or more of the alleged violations was committed.

41. Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment and he is, therefore, an aggrieved employee. Plaintiff and other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

42. Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including, may pursue a civil action arising under PAGA after the following requirements have been met:

(f) The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(g) The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

43. On August 3, 2012, Plaintiff provided written notice by certified mail to the LWDA and to employer Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3. Defendants have failed to cure

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

the alleged violations.

44. Therefore, as of September 6, 2012 the administrative prerequisites under California Labor Code section 2699.3(a) will be satisfied and Plaintiff will have authorization to recover civil penalties and unpaid wages against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, and 1198 unless the LWDA provides timely notice of its intent to investigate Plaintiff's Labor Code claims.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against All Defendants)**

45. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 44.

46. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

47. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

48. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two times their regular rate of pay.

49. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

50. During the relevant time period, Plaintiff and class members worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week. For example, Plaintiff's shift was typically 9:00 a.m. to 7:30 p.m., five days a week, but he often worked past his scheduled shift.

51. Defendants have a corporate practice and/or policy of failing to pay for all hours worked by Plaintiff and class members. For example, although Defendants required Plaintiff and class members to sign documents stating they took breaks, Defendants encouraged Plaintiff and class members to work through their breaks, even though they had clocked out for meal breaks, in order to complete work that could otherwise not be completed within their scheduled hours. Defendants even threatened Plaintiff and class members that they could lose their routes if insufficient work had been completed within their scheduled hours. As a result, Plaintiff and class members were pressured by Defendants to work through breaks. Moreover, Defendants would alter Plaintiff's and class members' time records to reduce and/or erase hours they worked. Defendants used a Kronos timekeeping system in which employees swiped their employee badges to clock in and out and record their time worked. However, and in violation of California law, Defendants would manipulate aggrieved employees' time records by altering time punches in Kronos to show that full meal periods had been taken even if they had not, thereby reducing and/or erasing hours Plaintiff and class members worked. Defendants wanted to reduce the amount of wages paid to Plaintiff and class members even if that resulted in their not being paid for all hours worked and pressured Plaintiff and class members to complete an unreasonable amount of work within their scheduled time. Defendants would place additional burdens and scrutiny on Plaintiff and class members when they worked beyond their scheduled shift such as requiring them to fill out lengthy paperwork in order to justify the time they spent working. As a result,

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Plaintiff and class members had to continue working after clocking out for the day, while off-the-clock, to finish post-trip duties such as refueling vehicles, and filling out vehicle check lists in order to satisfy Defendants' demand that they keep labor hours low. Because Plaintiff and class members often worked eight hour shifts or longer, this off-the-clock time qualified for overtime premium payment. Accordingly, Plaintiff and class members were not paid for the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week.

52. During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members.

53. Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

54. Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

**(Against All Defendants)**

55. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 54.

56. At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

57. As set forth above, Defendants pressured or commanded Plaintiff and class members not to record all hours worked to keep labor costs down and also altered time records to reduce and/or erase hours they did work. To the extent these hours did not qualify for the payment of overtime premium, Plaintiff and class members have not even been paid

minimum wages for this off-the-clock work.

58. During the relevant time period, Defendants regularly failed to pay Plaintiff and class members at least minimum wages for this work as required by California Labor Code sections 1194, 1197 and 1197.1.

59. Defendants' failure to pay Plaintiff and class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1. Pursuant to those sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees.

60. Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202—**

**Wages Not Timely Paid Upon Termination**

**(Against All Defendants)**

61. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 60.

62. At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

63. During the relevant time period, Defendants wilfully failed to pay Plaintiff and class members who are no longer employed by Defendants all their earned wages, including, but not limited to, unpaid overtime wages, unpaid minimum wages, and unpaid meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

their leaving Defendants' employ. In addition, Defendants did not provide Plaintiff's final paycheck until approximately one week after firing Plaintiff.

64. Defendants' failure to pay Plaintiff and those class members who are no longer employed by Defendants all their earned wages at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

65. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

66. Plaintiff and class members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and class members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements**

**(Against All Defendants)**

67. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 66.

68. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including the name and address of the legal entity that is the employer, total hours worked and all applicable hourly rates, among other things.

69. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to accurately list the total hours worked by Plaintiff and class members as a result of Defendants' erasing, reducing, and otherwise failing to capture and state all the hours Plaintiff and class members worked.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

70. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights.

71. Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a). In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiff and other class members have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment. Plaintiff has had to file this lawsuit, conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact they were paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

72. Plaintiff and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 2698, *et seq.***

**(Against All Defendants)**

73. Plaintiff incorporates by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 72.

74. California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5.

75. Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

(a) Violation of Labor Code sections 510 and 1198 for Defendants' failure to compensate Plaintiff and other aggrieved employees for all overtime hours worked as herein alleged;

(b) Violation of Labor Code sections 1194, 1197, and 1197.1 for Defendants' failure to compensate Plaintiff and other aggrieved employees for all hours worked with at least minimum wages as herein alleged;

(c) Violation of Labor Code section 226(a) for failure to provide compliant wage statements to Plaintiff and other aggrieved employees, as herein alleged;

(d) Violation of Labor Code sections 201, 202, and 203 for failure to timely pay all earned wages to Plaintiff and other aggrieved employees upon discharge as herein alleged;

(e) Violation of Labor Code section 204 for failure to pay all earned wages owed to Plaintiff and other aggrieved employees during employment as set forth more fully below; and

(f) Violation of Labor Code sections 226.7 and 512 for failure to provide meal and rest periods to Plaintiff and other aggrieved employees and failure to pay premium wages for missed meal and rest periods as set forth more fully below.

76. California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

payable between the 1st and the 10th day of the following month. California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to them, including, but not limited to unpaid minimum wages, unpaid overtime wages, and unpaid meal and rest period premium wages, within any time period specified by California Labor Code section 204.

77. California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC. The applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. California Labor Code section 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. During the relevant time period, Defendants failed to provide Plaintiff and other aggrieved employees all meal periods and failed to properly compensate Plaintiff and other aggrieved employees for missed meal periods. For example, as set forth above, Defendants required Plaintiff and aggrieved employees to complete an impractical amount of work within their scheduled hours and encouraged Plaintiff and aggrieved employees to work through their meal periods in order to continue working. Defendants, through their managers or other supervisory employees, instructed Plaintiff and aggrieved employees to work through their meal period, but still clock out as if one had been taken, or that Defendants would alter the time records as if a meal break had been taken.

Defendants threatened Plaintiff and aggrieved employees that they could lose their routes if insufficient work had been completed within their scheduled hours. In addition, for those shifts that Plaintiff and aggrieved employees worked that exceeded 10 hours, Plaintiff and aggrieved employees were not provided all second meal periods. Defendants failed to pay Plaintiff and other aggrieved employees the full meal period premium due pursuant to California Labor Code section 226.7.

78. California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC. The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours. During the relevant time period, Plaintiff and other aggrieved employees did not receive a ten (10) minute rest period for every four (4) hours worked. For example, as with meal breaks, Defendants discouraged Plaintiff and aggrieved employees from taking rest breaks and encouraged them to work through their breaks to get additional work done and threatened them that if they did not get sufficient work done within scheduled hours that they would lose their routes. Defendants failed to pay Plaintiff and other aggrieved employees the full rest period premium due pursuant to California Labor Code section 226.7.

79. Labor Code section 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor code section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

80. Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer(s) who violated Plaintiff's and aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

81. As set forth above, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable order of the Industrial Welfare commission. Accordingly, Plaintiff seeks the remedies set forth in Labor Code section 558 for himself, the State of California, and all other aggrieved employees.

82. Pursuant to PAGA, and in particular California Labor Code sections 2699(a), 2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), and 1194, 1197, 1197.1, and 1198.

**SIXTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.***

**(Against All Defendants)**

83. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 82.

84. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

85. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

86. A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a) Requiring non-exempt employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable Industrial Welfare Commission Order;

(b) Failing to pay Plaintiff and class members at least minimum wage in violation of California Labor Code sections 1194, 1197 and 1197.1 and the applicable Industrial Welfare Commission Order;

(c) Failing to provide Plaintiff and class members with compliant wage statements in violation of California Labor Code section 226(a) and the applicable Industrial Welfare Commission Order;

(d) Failing to timely pay all earned wages to Plaintiff and class members in violation of California Labor Code sections 201, 202, 203, and 204 and the applicable Industrial Welfare Commission Order; and

(e) Failing to provide uninterrupted meal and rest periods or to pay premium wages for missed meal and rest periods to Plaintiff and class members in violation of California Labor Code sections 226.7 and 512.

87. Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint (or as set forth in the class definition); a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

## PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For damages, restitution penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000) but not to exceed five million dollars ($5,000,000), exclusive of interest and costs. Plaintiff reserves the right to seek a larger amount based upon new and different information resulting from investigation and discovery.

### Class Certification

2. That this case be certified as a class action;

3. That Plaintiff be appointed as the representative of the Class and the One Year Subclass;

4. That counsel for Plaintiff be appointed as class counsel.

### As to the First Cause of Action

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

10. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to Plaintiff and class members;

11. For general unpaid wages and such general and special damages as may be appropriate;

12. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14. For liquidated damages pursuant to California Labor Code section 1194.2; and

15. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay Plaintiff and class members who are no longer employed by Defendants all their earned wages, including, but not limited to, meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ;

17. For all actual, consequential, and incidental losses and damages, according to proof;

18. For waiting time penalties according to proof pursuant to California Labor Code section 203 for all class members who have left Defendants' employ;

19. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

20. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

21. That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized wage statements thereto;

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

22. For all actual, consequential and incidental losses and damages, according to proof;

23. For statutory penalties pursuant to California Labor Code section 226(e); and

24. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fifth Cause of Action**

25. That the Court declare, adjudge and decree that Defendants violated the following California Labor Code sections as to Plaintiff and the One Year Subclass: 510 and 1198 (by failing to pay all overtime wages); 1194, 1197, and 1197.1 (by failing to pay all minimum wages); 226(a) (by failing to provide accurate wage statements), 201, 202, 203, and 204 (by failing to timely pay all earned wages during employment and upon termination), and 226.7 and 512 (by failing to provide all meal and rest periods and failing to pay for all missed meal and rest periods);

26. For civil penalties and unpaid wages pursuant to California Labor Code sections 2699(a) and/or 2699(f) and (g) and 558, plus costs and attorneys' fees, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, and 1198; and

27. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

28. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and class members all overtime compensation and minimum wages due to them, failing to provide accurate wage statements, failing to timely pay all earned wages during employment and upon termination, failing to provide all meal and rest periods, failing to pay for all missed meal and rest periods;

29. For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

30. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

31. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

32. For such other and further relief as the Court may deem equitable and appropriate.

Dated: August 6, 2012

Respectfully submitted,

Initiative Legal Group APC

By: ______________________
Raul Perez
Alexandria Witte

Attorneys for Plaintiff Eugene Chavez

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

08/06/2012
08/06/2012

COPY

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Raul Perez (SBN 174687); Alexandria Witte (273494)
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
TELEPHONE NO.: (310) 556-5637 FAX NO.: (310) 861-9051
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 303 W. Third St.
MAILING ADDRESS: 303 W. Third St.
CITY AND ZIP CODE: San Bernardino, California 92415-0210
BRANCH NAME: San Bernardino District Civil Division

CASE NAME:
Eugene Chavez v. FedEx Freight, Inc., et al.

FOR COURT USE ONLY
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION
AUG - 6 2012
BY EDMOND CASTRO, DEPUTY

**CIVIL CASE COVER SHEET**

[✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: CIV DS1208149
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (*specify*): Six (6)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: August 6, 2012
Alexandria Witte
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] CIVIL CASE COVER SHEET Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

# EXHIBIT B

KEITH A. JACOBY, Bar No. 150233
STEVEN A. GROODE, Bar No. 210500
CARLOS JIMENEZ, Bar No. 227534
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

Attorneys for Defendants
FEDEX FREIGHT, INC., an Arkansas corporation
and TAMI DUGARD

MIREYA LLAURADO, Bar No. 194882
FEDEX FREIGHT, INC.
3425 Victor Street,
Santa Clara, CA 95054
Telephone: 408.654.3186
Facsimile: 408.654.3297

Attorneys for Defendant
FEDEX FREIGHT, INC., an Arkansas corporation

FILED
SAN BERNARDINO
AUG 31 2012
BY [illegible] Deputy

**FAX FILING**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN BERNARDINO

EUGENE CHAVEZ, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),

Plaintiff,

v.

FEDEX FREIGHT, INC., an Arkansas corporation; TAMI DUGARD, an individual; and DOES 1 through 10, inclusive,

Defendants.

Case No. CIVDS1208149

ASSIGNED FOR ALL PURPOSES TO JUDGE DAVID S. COHN, DEPT. S35

**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.**

Complaint filed: August 6, 2012

COMES NOW Defendants FEDEX FREIGHT, INC., an Arkansas corporation ("Freight") and TAMI DUGARD ("Dugard") (Freight and Dugard, collectively, "Defendants"), for themselves and no other defendant, in answer to the unverified Complaint ("Complaint") of Plaintiff Eugene Chavez ("Chavez"), individually and on behalf of other members of the general public similarly situated and as an aggrieved employee pursuant to the Private Attorneys' General Act ("PAGA") ("putative aggrieved employees"; collectively, Chavez and putative aggrieved employees are hereafter referenced as "Plaintiffs"), hereby generally deny each and every allegation contained therein and the whole thereof pursuant to Section 431.30 of the California Code of Civil Procedure, and deny that Plaintiffs have been damaged or will be damaged in any sum.

By way of separate, additional and/or affirmative defenses to the Complaint, and without conceding that Defendants FEDEX FREIGHT, INC., an Arkansas corporation and TAMI DUGARD bear the burden of proof or the burden of persuasion as to any of these issues, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

(Inadequate Representation)

1. As a separate and affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred because Chavez lacks standing as a representative of the group of allegedly similarly situated individuals he seeks to represent, and does not adequately represent the putative aggrieved employees or other current and/or former employees of Defendants.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2. As a separate and affirmative defense, Defendants allege that Plaintiffs lack standing to bring this action for, and the Court lacks jurisdiction to award, certain of the penalties sought in the Complaint, as such penalties may only be imposed in a proceeding brought by the California Labor Commissioner.

///

///

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

**THIRD AFFIRMATIVE DEFENSE**

(Collateral Estoppel/Res Judicata)

3. As a separate and affirmative defense to the Complaint, Defendants allege that the Complaint and each cause of action asserted therein or some of them, are barred by collateral estoppel and/or res judicata insofar as Chavez and/or individual putative aggrieved employees have litigated or will litigate issues raised by the Complaint prior to adjudication of those issues in the instant action.

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver and Release)

4. As a separate and affirmative defense to the Complaint, Defendants allege that the Complaint and each cause of action asserted therein or some of them, are barred by waiver and release insofar as Chavez and/or individual putative aggrieved employees have released or will release Defendants from liability for such claims asserted in the Complaint prior to adjudication of those claims in the instant action.

**FIFTH AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

5. As a separate and distinct affirmative defense, Defendants allege that Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

**SIXTH AFFIRMATIVE DEFENSE**

(Statute of Limitations )

6. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each purported cause of action asserted therein, or some of them, is barred in whole or in part by the applicable statute(s) of limitation, including without limitation, those set forth in California Code of Civil Procedure section 337, 338, 339, 340, and 343, and/or Business and Professions Code section 17208.

///

///

///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**SEVENTH AFFIRMATIVE DEFENSE**

(Labor Code § 226(e) – Lack of Injury)

7. As a separate and distinctive affirmative defense, Defendants allege that Plaintiffs sustained no injury from any alleged failure to provide wage statements in conformity with Labor Code section 226(a).

**EIGHTH AFFIRMATIVE DEFENSE**

(Labor Code § 226(e) – Willfulness)

8. As a separate and distinctive affirmative defense, Defendants allege that any alleged failure to provide Plaintiffs, or some of them, with wage statements in conformity with Labor Code section 226(a) or to pay Plaintiffs or any of them, timely and properly, was not willful.

**NINTH AFFIRMATIVE DEFENSE**

(Consent)

9. As a separate and distinct affirmative defense, Defendants allege that the Complaint is barred, in whole or in part to the extent that Plaintiffs, or some of them, consented to, encouraged, or voluntarily participated in all actions taken, if any.

**TENTH AFFIRMATIVE DEFENSE**

(Mitigation of Damages)

10. As a separate and distinct affirmative defense, Defendants allege that they are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege that, Plaintiffs have failed to exercise reasonable care to mitigate their damages, if any were suffered, and that their right to recover against Defendants should be reduced and/or eliminated by such a failure.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Labor Code § 2699 – Statutory Penalties)

11. As a separate and distinct affirmative defense, Defendants allege that Chavez cannot recover statutory penalties pursuant to Labor Code section 226(e) on behalf of other allegedly "aggrieved employees" pursuant to the Labor Code Private Attorneys General Act, Labor Code sections 2698, *et seq.*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:114111121.2 057116.1010

3.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT OF PLAINTIFF EUGENE CHAVEZ

**TWELFTH AFFIRMATIVE DEFENSE**

(Labor Code § 2699 – Representative Action)

12. As a separate and distinct affirmative defense, Defendants allege that it is a violation of Defendants' due process rights if Chavez seeks to adjudicate the claims of other present or former employees of Defendants, pursuant to the Labor Code Private Attorneys General Act, Labor Code sections 2698, *et seq.*, without first establishing that the claims or defenses of Chavez are typical of the claims or defenses of the other employees Chavez purports to represent, or without first establishing that there are common questions of law and fact to all of the employees whom Chavez purports to represent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Labor Code § 2699.3 – Administrative Requirements)

13. As a separate and distinct affirmative defense, Defendants allege that Chavez's Complaint for civil penalties is barred because Chavez failed to exhaust the notice and other administrative requirements set out in the Labor Code Private Attorneys General Act, Labor Code sections 2698, *et seq.*

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Labor Code § 2699 – Aggrieved Employee)

14. As a separate and distinct affirmative defense, Defendants allege that Chavez lacks standing to bring claims for civil penalties on behalf of others because he is not an "aggrieved employee," pursuant to the Labor Code Private Attorneys General Act, Labor Code sections 2698, *et seq.*

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Labor Code § 2699 – Other Aggrieved Employees)

15. As a separate and distinct affirmative defense, Defendants allege that Chavez lacks standing to bring claims for civil penalties on behalf of other allegedly "aggrieved employees" because he has failed to identify them, pursuant to the Labor Code Private Attorneys General Act, Labor Code sections 2698, *et seq.*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Labor Code § 2699(f) – Initial Violation)

16. As a separate and distinct affirmative defense, Defendants allege that, insofar as Defendants have never been cited by the Labor Commissioner, or received a judgment against them in a court of law, with respect to any of Plaintiffs' Labor Code claims, any civil penalties awarded to Plaintiff under the Labor Code Private Attorneys General Act, Labor Code section 2698, et seq., must be limited to those penalties applicable to an initial violation.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Labor Code § 2699(a) – Duplicative Civil Penalties)

17. As a separate and distinct affirmative defense, Defendants allege that Plaintiffs are not entitled to recovery of civil penalties under the Labor Code Private Attorneys General Act, Labor Code section 2698, *et seq.*, to the extent that such penalties are sought in addition to penalties for the same claims and such duplicative recovery is barred and would constitute unjust enrichment.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Labor Code § 2699(f) – Civil Penalties)

18. As a separate and distinct affirmative defense, Defendants allege that Plaintiffs are not entitled to recovery of default civil penalties under Labor Code section 2699(f) for the alleged violation of Labor Code sections for which civil penalties are specifically provided.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Labor Code § 2699 – Unconstitutionally Vague)

19. As a separate and distinct affirmative defense, Defendants allege that Plaintiffs' fifth cause of action is barred because the Labor Code Private Attorneys General Act, Labor Code section 2698 et seq., is unconstitutionally vague and overbroad as applied to the facts and circumstances of this case.

///

///

///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**TWENTIETH AFFIRMATIVE DEFENSE**

(Due Process)

20. As a separate and affirmative defense to the Complaint, Defendants allege that the imposition of replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Defendants' due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. *Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005); *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412 (S.D.N.Y. 1972).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Injunctive Relief is Improper)

21. As a separate and distinct affirmative defense, Defendants allege that injunctive relief is improper in this case as the harms alleged by Chavez have an adequate remedy at law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Offset)

22. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action therein, or some of them, are barred in whole or in part against Defendants because Plaintiffs' recovery, if any, must be offset by any benefits and/or other monies they have received or will receive, including overpayments by Defendants, if any.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(*De Minimis* Time)

23. As a separate and affirmative defense to the Complaint and each cause of action therein, Defendants allege that such claims are barred, or damages and/or penalties must be reduced, for some or all of the putative aggrieved employees because they worked for *de minimis* and/or insignificant periods of time.

///

///

///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(IWC Orders – Due Process)

24. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage order(s) of the Industrial Welfare Commission is unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Preemption - Federal Aviation Administration Authorization Act)

25. As a separate and affirmative defense to the Complaint, Defendants allege that the Complaint and each purported cause of action, or some of them, are barred in whole or in part by the provisions of the Federal Aviation Administration Authorization Act.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Motor Carrier Exemption)

26. As a separate and affirmative defense to the Complaint, Defendants assert that Plaintiffs' hours of service are subject to regulation by the Department of Transportation ("DOT") and the California Code of Regulations and thus, are exempt from certain California state wage and hour laws and regulations, including state law pertaining to the payment of overtime and entitlement to meal and rest breaks, because such laws are preempted by the United States DOT Federal Regulations and other DOT related provisions, and/or Section 1200 of Title 13 of the California Code of Regulations.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Preemption-Hazardous Materials Transportation Act)

27. Defendants allege that the provisions of the Hazardous Materials Transportation Act, 49 U.S.C. section 5101, *et seq.*, conflict with the requirements of California Labor Code section 226.7, such that Defendants' compliance with the Hazardous Materials Transportation Act necessarily precludes compliance with Labor Code section 226.7, and therefore under principles of conflict preemption, federal law supersedes any contrary state law requirements

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

and accordingly, all claims based on and derivative of claim under Labor Code section 226.7 must be adjudicated in Defendants' favor.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

28. As a separate and distinct affirmative defense, Defendants allege that the Complaint is barred, or any recover should be reduced, pursuant to the avoidable consequences doctrine because Defendants took reasonable steps to prevent and correct improper wage payments, if any, and to ensure compliance with the California Labor Code. Plaintiffs, or some of them, unreasonably failed to use the preventative and corrective opportunities provided to them by Defendants, and reasonable use of Defendants' procedures would have prevented at least some, if not all, of the harm that Plaintiffs allegedly suffered.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(No Uniform Practice Causing Plaintiffs' Harm)

29. As a separate and distinct affirmative defense, Defendants allege that Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Laches, Waiver, Estoppel and Unclean Hands)

30. As a separate and distinct affirmative defense, Defendants allege that some or all of the purported cause of action alleged in the Complaint are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Plaintiffs Avoided Tendered Payments)

31. As a separate and distinct affirmative defense, Defendants allege that the Complaint cannot be maintained against Defendants because Plaintiffs, or some of them, secreted or absented themselves to avoid payment of wages, thereby relieving Defendants of liability for penalties under Labor Code sections 203 and/or 210.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(*Bona Fide* Dispute)

32. As a separate and affirmative defense to the Complaint and each cause of action therein, Defendants allege that such claims are barred because there is a bona fide dispute as to whether further compensation is actually due to Plaintiffs, or some of them, and, if such compensation is due, as to the amount of such further compensation.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Class Action Deficiencies)

33. As a separate and distinct defense, Defendants allege, as to each purported cause of action set forth in the Complaint as a representative or class action, that this suit may not be properly maintained as a representative or class action because: (a) Chavez has failed to plead, and cannot establish the necessary procedural elements for, such treatment; (b) a representative or class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (c) common issues of fact or law do not predominate, rather, to the contrary, individual issues predominate; (d) Chavez's claims are not representative or typical of the claims of the putative aggrieved employees; (e) Chavez cannot fairly and adequately represent the interests of the purported class; (f) Chavez and alleged putative class counsel are not adequate representatives for the alleged putative class; (g) class treatment is neither appropriate nor constitutional under the circumstances in this case; and/or (h) a well-defined community of interest in the questions of law and/or fact affecting Plaintiffs does not exist.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Good Faith)

34. As a separate and distinct defense, Defendants allege that any act or omission giving rise to any failure to pay Plaintiffs minimum wages was done in good faith and that it had reasonable grounds for believing that the act or omission was not a violation of any provision of the Labor Code relating to minimum wage, or an order of the Industrial Welfare Commission and, accordingly, Plaintiffs are not entitled to liquidated damages.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Managerial Privilege)

35. As a separate and distinct defense, Defendants allege that any actions taken relating to Plaintiffs by Dugard are protected by the managerial privilege in that all of her actions with respect to Plaintiffs' employment, alleged to be wrongful, were undertaken and exercised with proper managerial discretion in good faith, and for proper, lawful reasons based upon all relevant facts and circumstances known by Dugard at the time she acted, therefore barring Plaintiffs from recovery in this action.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(Meal and Rest Breaks Provided)

36. As a separate and distinct defense, Defendants allege that, to the extent Plaintiffs worked during meal periods or rest breaks, Plaintiffs did so voluntarily, and Plaintiffs are not entitled to recover because Defendants provided them with meal and rest breaks.

**ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES**

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserve the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

///

///

///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing and that the Complaint be dismissed in its entirety with prejudice;

2. That judgment be entered in Defendants' favor;

3. That Defendants be awarded their attorneys' fees and costs of suit herein; and

4. That Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: August 31, 2012

Respectfully submitted,

LITTLER MENDELSON, P.C.

KEITH A. JACOBY
STEVEN A. GROODE
CARLOS JIMENEZ
Attorneys for Defendants
FEDEX FREIGHT, INC. and TAMI DUGARD

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:114111121.2 057116.1010

11.

DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT OF PLAINTIFF EUGENE CHAVEZ

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On August 31, 2012, I served the within document(s):

**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.**

☐ by facsimile transmission at or about ____________ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is ______@littler.com.

Raul Perez, Esq.
Alexandria Witte, Esq.
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067
Phone: 310.556.5637
Fax: 310.861.9051

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 31, 2012, at Los Angeles, California.

Cescily Thomas-McKoy

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067.3107
310.553.0308

# EXHIBIT C

08/06/2012 16:27 9098840761

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION
303 WEST THIRD STREET
SAN BERNARDINO, CA 92415-0210

CASE NO: CIVDS1208149

http://www.sb-court.org.
IN RE: CHAVEZ, ET AL -V- FEDEX FREIGHT, ET AL

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF OSC:SERVICE OF SUMMONS AND COMPLAINT
NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE DEFENDANT/PARTY SERVED: The dates below DO NOT increase the time you have to respond to the Complaint filed against you. The time for your response is stated on the "Summons".

PLAINTIFF PLEASE TAKE NOTICE:This case has been assinged to S35 FOR ALL PURPOSES;that the above-entitled case has been set for an Order to Show Cause(OSC) why the case should not be dismissed for failure to serve the Summons and Complaint; and a Case Management Conference (CMC). A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
The OSC:SERVICE OF SUMMONS AND COMPLAINT is set for 11/09/12 at 8:30 in department S35.
If "Proof of Service" of the Summons and Complaint has been filed 10 court days prior to the hearing, no appearance is required and the hearing will be vacated.

The Case Management Conference is set for 02/08/13 at 8:30 in Department S35
File your CMC Statement with the court 15 calendar days prior to the hearing. Failure to appear may result in monetary sanctions and/or dismissal of your case. The advance jury fees of $150 per party is NON REFUNDABLE and must be deposited on or before the date scheduled for the CMC. (CCP631)

Stephen H. Nash, Clerk of the Court
Date: 08/06/12 By: Edmond Castro

---

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed above, for collection and mailing this date, following ordinary business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the counter.
( ) A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

DATE OF MAILING: 08/06/12
I declare under penalty of perjury that the foregoing is true and correct. Executed on 08/06/12 at San Bernardino, CA By: Edmond Castro
notice: NCMCT1 action: cmc



You Don't Have to Sue
Here Are Some Other Ways
To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.
- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.
- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.
- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.
- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute
- The neutral may charge a fee for his or her services.
- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.
- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or
- Contact the **local bar association,** or
- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

Superior Court of California
County of San Bernardino

## CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, Unlawful Detainer, Small Claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga, CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil & Family Law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
1710A Plum Ln
Redlands, CA 92374
TEL (909)798-7117
TOLL FREE (877) 832-9325
FAX (877) 839-1926
WEB www.ivjc.org
EMAIL info@ivjc.org

**Accommodations For Persons With Disabilities Using Court Facilities**

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.00 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the Request for Accommodations by Persons with Disabilities (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html These tools convert PDF documents into either HTML or ASCII text that can be read by many screen-reading programs.

For further information and forms:

**Jurors:** Please contact the Jury Services Office at (909) 884-1858.

**Others:** Please contact the court's ADA Coordinator at sprentiss@sb-courts.org

**Court employees:** To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with Ada issues, refer to the courts intranet site www.sb-court.org

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 708-8745.

Request for Accommodation Instruction Sheet (Non Fillable Form and Rule of Court 1)
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ADA-Persons-With-Disabilities-MC410QA.pdf

Request for Accommodation Form Fillable Version (MC-410)
http://www.courts.ca.gov/documents/mc410.pdf

Q&A on Rule of Court 1.100
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/Requestsforaccommodationsbypersonswithdisabilities.pdf
Access and Fairness Advisory Flyer
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ProvidingDisabilityAccommodations.pdf

ORIGINAL

SCANNED

*Attorney or Party without Attorney:*
INITIATIVE LEGAL GROUP
1800 CENTURY PARK EAST
2ND FLOOR
LOS ANGELES, CA 90067
*Telephone No:* 310-556-5637 *FAX No:* 310-861-9051

*Attorney for:* Plaintiff

*Ref. No. or File No.:* CHAVEZ

*For Court Use Only*

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
AUG 20 2012
By [signature] Deputy

*Insert name of Court, and Judicial District and Branch Court:*
SAN BERNARDINO SUPERIOR COURT

*Plaintiff:* EUGENE CHAVEZ

*Defendant:* FEDEX FREIGHT, INC. et al.

| AMENDED PROOF OF SERVICE SUMMONS | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* CIVDS1208149 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND CLASS ACTION COMPLAINT; NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES, NOTICE OF OSC: SERVICE OF SUMMONS AND COMPLAINT, NOTICE OF CASE MANAGEMENT CONFERENCE; CERTIFICATE OF ASSIGNMENT; CIVIL CASE COVER SHEET; ALTERNATIVE DISPUTE RESOLUTION; ACCOMMODATIONS FOR PERSONS WITH DISABILITIES USING COURT FACILITIES.

3. *a. Party served:* FEDEX FREIGHT, INC., AN ARKANSAS CORPORATION
   *b. Person served:* MARGARET WILSON, PROCESS CLERK, AGENT FOR SERVICE OF PROCESS.

4. *Address where the party was served:* CT CORPORATION SYSTEM
   818 W. 7TH STREET, 2ND FLOOR
   LOS ANGELES, CA 90017

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Aug. 10, 2012 (2) at: 2:57PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:* FEDEX FREIGHT, INC., AN ARKANSAS CORPORATION
   Under CCP 416.10 (corporation)

7. ***Person Who Served Papers:***
   a. CESAR MORENO
   b. **PROLEGAL, INC.**
   1706 S. FIGUEROA ST.
   LOS ANGELES, CA 90015
   c. 213-481-8100

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. ***The Fee for Service was:***
   e. I am: (3) registered California process server
   *(i)* Employee
   *(ii) Registration No.:* 5338
   *(iii) County:* Los Angeles

FILED BY FAX

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

***Date: Wed, Aug. 15, 2012***

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE SUMMONS

[signature]
(CESAR MORENO) 4128007 .inlle.49272

AMENDED PROOF

ORIGINAL

| *Attorney or Party without Attorney:* INITIATIVE LEGAL GROUP<br>1800 CENTURY PARK EAST<br>2ND FLOOR<br>LOS ANGELES, CA 90067<br>*Telephone No:* 310-556-5637 *FAX No:* 310-861-9051 | | | | *For Court Use Only*<br>FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br>AUG 10 2012<br>BY EDMOND CASTRO, DEPUTY |
|---|---|---|---|---|
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* CHAVEZ | | |
| *Insert name of Court, and Judicial District and Branch Court:* SAN BERNARDINO SUPERIOR COURT | | | | |
| *Plaintiff:* EUGENE CHAVEZ | | | | |
| *Defendant:* FEDEX FREIGHT, INC. et al. | | | | |
| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* CIVDS1208149 |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND CLASS ACTION COMPLAINT; NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES, NOTICE OF OSC: SERVICE OF SUMMONS AND COMPLAINT, NOTICE OF CASE MANAGEMENT CONFERENCE; CERTIFICATE OF ASSIGNMENT; CIVIL CASE COVER SHEET.

3. a. *Party served:* FEDEX FREIGHT INC., AN ARKANSAS CORPORTION
   b. *Person served:* HERBERT TOGAFAU, PROCESS CLERK, AGENT FOR SERVICE OF PROCESS

4. *Address where the party was served:* CT CORPORATION SYSTEM
   818 W. 7TH STREET, 2ND FLOOR
   LOS ANGELES, CA 90017

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Aug. 08, 2012 (2) at: 1:55PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:* FEDEX FREIGHT INC., AN ARKANSAS CORPORTION
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*
   a. TRACY RIEDEMAN
   b. **PROLEGAL**
   1706 S. FIGUEROA ST.
   LOS ANGELES, CA 90015
   c. 213-481-8100

Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*
   e. I am: (3) registered California process server
   *(i)* Employee
   *(ii) Registration No.:* 6451
   *(iii) County:* Los Angeles
   *(iv) Expiration Date:* Thu, May. 08, 2014

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

***Date: Thu, Aug. 09, 2012***

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE SUMMONS

(TRACY RIEDEMAN)

4126327 .inile.49189

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
EUGENE CHAVEZ, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),

Plaintiff

**DEFENDANTS**
FEDEX FREIGHT, INC., an Arkansas corporation; TAMI DUGARD, an individual; and DOES 1 through 10, inclusive,

Defendants

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Raul Perez, CA Bar No. 174687; Alexandria Witte, CA Bar No. 273494
INITIATIVE LEGAL GROUP, APC
1800 Century Park East, 2nd Floor, L.A., CA 90067; (310) 556-5637

Attorneys (If Known)
Keith A. Jacoby, CA Bar No. 150233; Steven A. Groode, CA Bar No. 210500
LITTLER MENDELSON, P.C.
2049 Century Park East, Fifth Floor
Los Angeles, CA 90067; (310) 553-0308

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☑ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332(d) - Diversity under the Class Action Fairness Act and under general diversity

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☑ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/ PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

ED CV 12 - 01496 VAP (DTBx)

**FOR OFFICE USE ONLY:** Case Number: ______________________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

SEP - 4 2012

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): CV 09-3663 DSF (FFMx), CV 09-05016 DSF (FFMx), EDCV 10-00778 DSF (FFMx), CV11-0638 DSF (FFMx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | Arkansas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** September 4, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

**EDCV12- 1496 VAP (DTBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.